## JOHN J. SEARS *et al.*

*v.*

## ALEXANDER CROZIER *et al.*

WARRANTY *of machinery—of repairs thereto.* On the sale of a steam boiler, the vendor warranted it of a certain capacity; but it proved defective, and the vendor repaired it. Afterwards, he took the note of the vendee for a balance due on the purchase money, not including the cost of the repairs: *Held,* the vendor was not entitled to pay for the repairs. He had warranted the boiler; and the fact of taking the note without

including .the repairs, tended to show he did not consider himself entitled to pay for them.

APPEAL from the Circuit Court of Madison county; the Hon. J. GILLESPIE, Judge, presiding.

The opinion states the case.

Messrs. L. & L. DAVIS, for the appellants.

Messrs. GILLESPIE & SPRINGER, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The plaintiffs sold defendants a boiler in April, 1867, for $1300, and warranted it to carry one hundred and fifty pounds of steam, according to the testimony of both the defendants. The boiler proved seriously defective, and in November, 1867, the plaintiffs repaired it. In January, 1868, the defendants gave plaintiffs their note for $194.10, being the balance of the purchase money due .on the boiler. Plaintiffs have brought suit upon this note, and in addition thereto claim $111.50 for the repairs. The jury allowed the whole amount of their claim, and the court gave judgment on the verdict.

In our opinion, the claim for repairs should not have been allowed. The testimony of the defendants, that the plaintiffs warranted the boiler, is not contradicted, and the fact that after the repairs were made the plaintiffs took the note of the defendants for the balance of the purchase money only, goes very far to show they did not then consider themselves entitled to pay for the repairs, and is strong confirmation of the testimony of defendants. The verdict is so clearly against the evidence that we must order a new trial.

*Judgment reversed.*